IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-79-BO

| | | |
|---|---|---|
| ANDRE G. CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security,* | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 29, 2014, at Elizabeth City, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## **BACKGROUND**

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff filed for DIB and SSI on December 16, 2009, alleging disability since November 10, 2001. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's degenerative disc disease of the lumbar spine status-post surgery, obesity, hypertension, cardiomegaly, and depression were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform light work with some exertional and non-exertional limitations. The ALJ found that plaintiff could return to his past relevant work and alternatively found that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national

3

economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision.

In his decision, the ALJ summarily determined that plaintiff's degenerative disc disease did not meet the requirements of Listing 1.04, which addresses disorders of the spine resulting in compromise of a nerve root or the spinal cord. 20 C.F.R. Part 404, Subpt. P, Appendix I § 1.04. In so doing, the ALJ noted that no evidence in the record established the requisite evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis as required by Listing 1.04. Tr. 18. Listing 1.04A requires:

> evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

The record in this matter demonstrates that plaintiff has at times satisfied each of the criteria for Listing 1.04A. For example, MRI scans have documented nerve root impingement at S1 and plaintiff has complained of pain extending down his legs. *See e.g.* Tr. 302, 440. Plaintiff has had positive bilateral straight leg raising tests, Tr. 303, and has experienced limited range of motion, Tr. 368, paresthesia, Tr. 340, and weakness. Tr. 303. The ALJ did not discuss his consideration of this evidence, however, when determining that plaintiff did not satisfy Listing 1.04.

Because the ALJ failed to conduct a thorough discussion of whether plaintiff's degenerative disc disease meets or equals Listing 1.04 criteria, review of the ALJ's decision is not meaningful and remand is appropriate. *Radford v. Colvin*, 734 F.3d 288, 295-296 (4th Cir. 2013). Upon remand, the ALJ should further expressly consider whether the evidence in the

4

record relating to plaintiff's impairments after plaintiff's date last insured indicates that plaintiff's impairments were pre-existing. *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 341-42 (4th Cir. 2012).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED and defendant's motion for judgment on the pleadings [DE 28] is DENIED. The decision of the ALJ is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this 18 day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE